IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA NICHOLS,  )
          Plaintiff,  )
      vs.  )  Civil Action No. 07-250
COMMISSIONER OF SOCIAL  )
SECURITY,  )
          Defendant.  )
                )
AMBROSE, Chief District Judge  )

## OPINION AND
## ORDER OF THE COURT

### Synopsis

Plaintiff filed a Complaint [Docket No. 3] seeking judicial review pursuant to 42 U.S.C. 405(g) of an adverse decision of Defendant denying Plaintiff social security supplemental income benefits. Pending before the Court are Cross-Motions for Summary Judgment [Docket Nos. 8 and12]. Both parties have filed briefs in support of their motions. [Docket Nos. 9, 13 and 14.] After careful consideration of the submissions of the parties, and for the reasons discussed below, Defendant's Motion [Docket No. 12] is granted and Plaintiff's Motion [Docket No. 8] is denied.

### I. Background

Plaintiff filed her claim for social security Supplemental Security Income ("SSI") benefits on April 13, 2004, alleging an onset of disability as of March 1, 2004 due to back pain and right leg pain. (Docket No. 6, at 53.) Plaintiff was 50 years of age as of the alleged onset of disability, and also suffers from depression and agoraphobia. (Id. at 22.) Her claim was denied on

September 17, 2004. (Id. at 18.) Plaintiff timely requested a hearing, which was held on April 17, 2006. (Id.)

By decision dated December 29, 2006, Plaintiff's claim was denied on the grounds that Plaintiff was capable of performing light work, and therefore was not disabled. (Id. at 16-21.) The Appeals Council denied her request for review on December 29, 2006 and, after consideration of additional evidence, again on April 11, 2007. (Id. at 6-12.)

Plaintiff's appeal to this Court is based on the ALJ's purported failure to discuss the findings of Plaintiff's treating physician, Dr. Maria Wahrenberger of West View Family Health Associates, and Plaintiff's physical therapist, Eagle Physical Therapy. According to Plaintiff, the evidence submitted by these persons corroborated her testimony that the severe pain in her legs and feet does not permit her to frequently stand and walk as required for "light work." Instead, again according to Plaintiff, the ALJ impermissibly relied on the report of the consultative examiner, Ryon Hurh, M.D., dated two years prior to the hearing.

## II. Legal Analysis

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.

Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the

decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745

F.2d 210, 221 (3d Cir. 1984).

> B. **Whether The ALJ Failed To Consider Evidence Corroborating Plaintiff's Inability to Perform Light Work.**

Plaintiff challenges only the ALJ's opinion that she retains the residual functional capacity to perform light work.[1] In his residual functional analysis, the ALJ found that Plaintiff

> has the residual functional capacity to perform work that does not require: exertion above the light level; or more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling; or more than simple, routine, repetitious tasks, with one- or two-step instructions; or strict production quotas, defined as the requirement to produce a specified number of units of work in a specified period of time; or any contact with the public; or more than occasional contact with coworkers or supervisors; or any driving.

(Docket No. 6, at 20.)

Plaintiff argues that the ALJ failed to discuss evidence from Plaintiff's treating physician, Dr. Maria Wahrenberger, and her physical therapist, Eagle Physical Therapy, which purportedly corroborates Plaintiff's testimony that the "severe pain in her legs and feet does not permit her to frequently stand and walk as required for 'light work.'" (Pl. Br. at 9.) After reviewing the ALJ's decision and the record, I find that the ALJ's opinion is supported by substantial evidence.

The ALJ's opinion shows that he considered all of the medical evidence presented by Plaintiff. For instance, the ALJ explains that "[t]he records of the claimant's treatment for her back (Exhibits 1F-3F, 8F) reflect some pain and limitation but do not include evaluations of her physical capacity or specific limitation." (Docket No. 6, at 21.) I have reviewed Exhibits 1F-3F and 8F and find that they encompass the medical records of Dr. Wahrenberger and of Eagle

---

[1] The ALJ also found that the Plaintiff's ability to perform light work was further restricted by additional psychological limitations. (Id. at 22.) Plaintiff does not challenge the ALJ's assessment of these impairments.

Physical Therapy.

I also agree with the ALJ's characterization of those records. While the records of Dr. Wahrenberg and Eagle Valley "corroborate" Plaintiff to the extent that they contain recitations of Plaintiff's complaints regarding her back and leg pain, the medical records do not contain independent evaluations of Plaintiff's capabilities. Moreover, to the extent tests were performed by Dr. Wahrenberger and Eagle Valley, those tests indicate a level of function consistent with the ALJ's opinion. For instance, the records of the most recent exams by West View Family Health Associates, dated October 12 and 29, 2004, conclude that an MRI performed on Plaintiff was "unremarkable" and that Plaintiff was in "no acute distress." (Docket No. 6, at 205, 207.) EMG test results in June of 2004 were likewise "essentially normal." (Id. at 143.) Plaintiff's orthopedist, Dr. Mark Fye, who examined Plaintiff on November 17, 2004, found her to have a full range of motion, and Plaintiff herself told Dr. Fye that her pain "is not any worse now than it was then" (i.e. summer of 2003). (Id. at 218.) Accordingly, the evidence considered by the ALJ, including that of Plaintiff's treating physician and physical therapist, is consistent with the ALJ's opinion, not contradictory. Indeed, the only evidence conflicting with the ALJ's opinion is Plaintiff's own characterization of her pain, and the ALJ expressly found Plaintiff's statements to be "not entirely credible." (Id. at 21.)

Finally, Plaintiff emphasizes that the ALJ's reliance on the opinion of Dr. Ryon Hurh, the consultative examiner, is flawed because the examination occurred two years prior to the hearing. (Pl. Br. at 11.) Dr. Hurh's examination of Plaintiff occurred on July 27, 2004, contemporaneous with Plaintiff's treatment by Dr. Wahrenberger on which Plaintiff relies. Plaintiff submitted no medical records relating to her back and leg pain reflecting treatment subsequent to November 2004. Accordingly, I do not find that the ALJ erred in relying on Dr. Hurh's opinion from 2004.

## III. Conclusion

Based on the evidence of record and the briefs filed in support of and in opposition to the parties' positions, I conclude that the ALJ properly analyzed Plaintiff's claim and that substantial evidence supports the ALJ's finding that Plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, the ALJ's decision denying Plaintiff's application for disability insurance benefits will be affirmed.

## ORDER OF THE COURT

AND NOW, this 18th day of June 2008, after careful consideration, it is ordered that Plaintiff's motion for summary judgment [Docket No. 8] is DENIED. Defendant's motion for summary judgment [Docket No. 12] is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge